```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
 WILLIAM MARCOS GONZALEZ,                 :    14cv8760 (DLC)
                        Movant,           :    13cr0007 (DLC)
                                          :
             -v-                          :    OPINION & ORDER
                                          :
 UNITED STATES OF AMERICA,                :
                        Respondent.       :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

This Opinion addresses a petition brought by William Marcos Gonzalez ("Gonzalez") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  Gonzalez seeks to be resentenced after his sentencing guideline range is recalculated with a lower criminal history category than that on which the Court relied when it sentenced him to 108 months' imprisonment on October 11, 2013.  For the following reasons, the Government will be given an opportunity to address the argument.

On June 28, 2013, pursuant to a plea agreement with the Government, Gonzalez pleaded guilty to conspiring to distribute a controlled substance involving 500 grams of cocaine in violation of 21 U.S.C. § 841(b)(1)(B).  This charge carried a mandatory minimum term of imprisonment of five years.

The Pre-Sentence Report ("PSR") records that Gonzalez had four prior criminal convictions from 2004 to 2009; it assigned

one criminal history point to each conviction.  With four points, it placed Gonzalez in criminal history category III.

Two of these convictions were for Unlawful Possession of Marihuana in violation of N.Y. Penal Law 221.5, the first in March 2005 and the second in April 2009.  Two others were traffic offenses.  The first was a March 2006 conviction for Speeding, in violation of N.Y. Vehicle and Traffic Law 1180, and for Driving While Ability Impaired ("DWAI"), in violation of N.Y. Vehicle and Traffic Law 1192.1; the second was an October 2008 conviction for DWAI.  All four offenses were misdemeanors; none of them resulted in imposition of a term of imprisonment. Defense counsel did not object to the PSR.

Because of a change in Department of Justice policy, the Government offered Gonzalez the opportunity to plead guilty to an offense carrying no mandatory minimum.  Therefore, on October 11, Gonzalez agreed to a new plea agreement with the Government that permitted him to plead guilty to a violation of 21 U.S.C. § 841(b)(1)(C), a narcotics distribution charge that does not carry a mandatory minimum term of imprisonment.  The Guidelines range remained 108 to 135 months, and as part of the plea agreement, Gonzalez agreed not to challenge his sentence so long as it did not exceed 135 months' imprisonment, either by filing a direct appeal, bringing a collateral challenge pursuant to 28

U.S.C. § 2241 or § 2255, or seeking a sentence modification pursuant to 18 U.S.C. § 3582(c).

Gonzalez pleaded guilty to the (b)(1)(C) count, and was sentenced that same day principally to 108 months in prison. Gonzalez did not appeal his conviction.

One year later, Gonzalez timely filed a petition, received on October 24, 2014, for a writ of habeas corpus pursuant to 28 U.S.C § 2255. Gonzalez seeks to be resentenced. In his petition, Gonzalez asserted that his attorney operated under a conflict of interest in negotiating the plea agreement since the agreement waived Gonzalez's right to bring a habeas petition asserting that the attorney was ineffective. Gonzalez also brought two other ineffective assistance claims: his attorney failed to advise him that he was waiving the right to be resentenced under recently amended Guidelines[1] and failed to investigate, or otherwise discuss, the validity of his prior state court convictions because they "were obtained without counsel."

---

[1] Effective November 1, 2014, the United States Sentencing Commission amended the <u>United States Sentencing Guidelines Manual</u> to lower the guideline sentencing range for certain categories of offenses involving drugs. The Sentencing Commission also adopted an amendment to § 1B1.10 of the Guidelines, effective November 1, 2014, which authorized retroactive application of the amendment to the drug guidelines.

3

In an Opinion of May 12, 2015, the Court denied Gonzalez's petition to the extent that it was premised on the existence of a conflict of interest. Gonzalez v. United States, No. 13cv007 (DLC), 2015 WL 2211696, at *2 (S.D.N.Y. May 12, 2015). Gonzalez's claim based on the amendments to the Guidelines was converted to a petition for a reduction of sentence. Id. In an Order of May 12, that motion was denied without prejudice to renewal by January 6, 2017 or thereafter. By Order of May 12, the U.S. Attorney's Office was directed to respond to the remaining claim asserting ineffective assistance in connection with Gonzalez's uncounseled prior convictions.

The U.S. Attorney's Office responded on July 22, 2015. The response describes each of Gonzalez's prior convictions and argues that Gonzalez had no right to counsel in the proceedings resulting in those convictions because each "was a misdemeanor for which Gonzalez received no term of imprisonment." He therefore could not have been deprived of effective assistance of counsel in the instant case because the failure to challenge those convictions could not have caused prejudice.

Gonzalez submitted a memorandum in opposition to the Government's response, which was received September 3. In it, he raises several arguments regarding his prior convictions that were not articulated in his petition. First, he argues that he was deprived effective assistance of counsel because his

4

attorney failed to challenge the Government's use of his two prior DWAI convictions in calculating his criminal history category.  Gonzalez contends that the Second Circuit's decision in United States v. Potes-Castillo, 638 F.3d 106 (2d Cir. 2011), is controlling authority of which his attorney should have been aware, and that applying Potes-Castillo would have resulted in the exclusion of his DWAI convictions from criminal history category calculations under U.S.S.G. § 4A1.2(c)(1) and thereby placed him in a lower criminal history category.

Second, Gonzalez argues that he was denied effective assistance of counsel because his attorney failed to explain that Gonzalez could challenge his marijuana possession convictions in parallel state court proceedings as a means of lowering his criminal history category.  Had his attorney done so, Gonzalez asserts, Gonzalez would have successfully expunged or vacated his state marijuana convictions and lowered his sentencing guidelines range.

Gonzalez's petition did not afford adequate notice of the nature of the arguments in his September 3 response. Accordingly, the Government will be given an opportunity to respond to the two arguments identified here that were made in Gonzalez's September 3 memorandum.

Dated:   New York, New York
         September 17, 2015

                                          _____
                                                  DENISE COTE
                                          United States District Judge

Gonzalez's petition did not afford adequate notice of the nature of the arguments in his September 3 response. Accordingly, the Government will be given an opportunity to respond to the two arguments identified here that were made in Gonzalez's September 3 memorandum.

Dated:   New York, New York
         September 17, 2015

                                    _____
                                            DENISE COTE
                                    United States District Judge

Copies sent to:

William Marcos Gonzalez
6799-054
Federal Correctional Institution
33.5 Pembroke Rd.
Danbury, CT 06811

Case 1:14-cv-08760-DLC   Document 7   Filed 09/17/15   Page 7 of 7